**CATHOLIC CHARITIES OF MAINE, INC., Plaintiff**

v.

**CITY OF PORTLAND, Defendant**

**No. 03–55–P–H.**

United States District Court, D. Maine.

April 2, 2004.

Gene R. Libby, Verrill & Dana, Kennebunk, ME, for Catholic Charities Maine Inc., as Plan Administrator of the Employee Benefits of Catholic Charities of Maine and Catholic Charities of Maine Flexible Benefit Plan and for Catholic Charities of Maine, Inc., Plaintiff.

Patricia A. Peard, Ronald W. Schneider, Jr., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Portland, City of, Defendant.

## ORDER ON MOTION FOR RECONSIDERATION

HORNBY, District Judge.

The motion for reconsideration asks me to change my conclusion that July 22, 2003, is the date as of when ERISA preempted the City of Portland's Domestic Partner Ordinance. The motion is **DENIED.**

On February 6, 2004, I issued an order granting in part and denying in part Catholic Charities of Maine, Inc.'s ("Catholic Charities"') and the City of Portland's motions for summary judgment. In that order, I ruled that before July 22, 2003, Catholic Charities' health benefit plans were "church plans," exempt from ERISA and therefore subject to the Portland Ordinance. I also ruled, however, that Catholic Charities' health benefit plans became subject to ERISA when Catholic Charities filed an election under section 410(d) of the Internal Revenue Code on July 22, 2003, and that ERISA preempted the Ordinance from that date forward. Catholic Charities has moved for reconsideration, arguing that its section 410(d) election was retroactive and effective for years predating enactment of the Portland Ordinance.

Catholic Charities' arguments focus on a Treasury Regulation, 26 CFR § 1.410(d)–1, and several Internal Revenue Service private letter rulings which Catholic Charities claims authorize retroactive section 410(d) elections. But neither the regulation nor the letter rulings purport to address the question at hand: when did ERISA preemption begin? 26 CFR § 1.410(d)–1 deals with the mechanics of filing a section 410(d) election; it is unclear from the language of the regulation when the election takes effect for tax purposes. It may be, as Catholic Charities argues, that the election takes effect at the beginning of a plan year. Probably for the sake of administrative convenience, the Internal Revenue Service often ties "effective" dates to the beginning of a plan or tax year. *See, e.g.,* 26 U.S.C. § 1362 (S–Corporation election). It does not follow, however, that the Portland Ordinance, which lawfully applies to non-ERISA plans, is retroactively preempted.

Catholic Charities points to no authority that the time for preemption is tied in any way to the date that a section 410(d) election becomes "effective" under the Internal Revenue Code. In fact, the plain language of ERISA suggests that preemption occurs upon the "making" or filing of a section 410(d) election. ERISA's preemption provision provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title *and not exempt under section 1003(b) of this title.*" 29 U.S.C. § 1144(a) (emphasis added). Section 1003(b) provides that ERISA "shall not apply to any employee benefit plan if . . . such plan is a church plan . . . with respect to which no election *has been made* under section 410(d) of Title 26." (emphasis added). Until July 22, 2003, Catholic Charities' health benefit plans were church plans with respect to which no election had been made. Thus, under the statute's plain language, ERISA did not preempt the Ordinance before July 22, 2003.[1]

I express no opinion on when Catholic Charities' section 410(d) election became "effective" under the Code or whether the

---

1. Moreover, allowing retroactive preemption would create enormous difficulties for state and local governments who could regulate lawfully for years under then existing circumstances only to find that their lawful actions were in fact impermissible because of a later "election" by an organization. There is no reason to believe that Congress created such a regime.

Code permits plan administrators to elect retroactively for tax purposes. I conclude, however, that until Catholic Charities filed the election, its plans were exempt from ERISA under 29 U.S.C. § 1003(b) and that ERISA's preemption provision therefore did not apply. As I ruled in the February order, ERISA preemption began on July 22, 2003, when Catholic Charities made the section 410(d) election. The motion is therefore **DENIED.**

So Ordered.